Filed 11/22/23  Kingdom of Sweden v. Mehmandoost CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| KINGDOM OF SWEDEN, Plaintiff and Respondent, v. ZAHRA MEHMANDOOST, Defendant and Appellant. | G061798 (Super. Ct. No. 30-2020-01153336) O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, David A. Hoffer, Judge.  Affirmed.

Zahra Mehmandoost, in pro. per., for Defendant and Appellant.

Law Offices of Ernest Mooney and W. Ernest Mooney for Plaintiff and Respondent.

Defendant Zahra Mehmandoost appeals from the judgment entered after the trial court granted plaintiff Kingdom of Sweden's motion for summary judgment. We must affirm because Mehmandoost has failed to designate an adequate record necessary for us to review the order granting summary judgment.

It is the appellant's burden on appeal to provide an adequate record to assess error and an appellant's failure to do so warrants affirmance of the judgment. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140–1141.) "'On review of an order granting or denying summary judgment, we examine the facts presented to the trial court and determine their effect as a matter of law.' [Citation.] We review the entire record, 'considering all the evidence set forth in the moving and opposition papers except that to which objections have been made and sustained.'" (*Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618.)

Here, our record is essentially limited to a copy of the judgment entered in favor of Kingdom of Sweden and against Mehmandoost "for the sum of $119,482.00, the U.S. dollar equivalent of 1,223,209 Swedish Crowns, and post-judgment interest on the foregoing sum at the legal rate." The judgment states it was precipitated by the trial court's order granting Kingdom of Sweden's motion for summary judgment on the ground no triable issues of material fact existed as to Kingdom of Sweden's single claim against Mehmandoost.[1] Our record does not include the court's order granting summary judgment, any pleading, Kingdom of Sweden's moving papers, Mehmandoost's opposing papers, if any, or the evidence offered in connection with that motion.

Self-represented litigants such as Mehmandoost must follow the rules of procedure and are not entitled to "exceptionally lenient treatment." (*Rappleyea v.*

---

[1] The record also contains the register of actions, Mehmandoost's notice of appeal, and her designation of the record on appeal in which she requested the preparation of a clerk's transcript, but did not request that the clerk include any particular documents in that transcript.

*Campbell* (1994) 8 Cal.4th 975, 984; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.) As Mehmandoost failed to designate an adequate record that would enable us to evaluate any contention of error in the granting of the motion for summary judgment, we must affirm.  (*Ketchum v. Moses, supra*, 24 Cal.4th at pp. 1140–1141.)

## DISPOSITION

The judgment is affirmed.  Respondent to recover costs on appeal.


MOTOIKE, J.

WE CONCUR:


GOETHALS, ACTING P. J.


SANCHEZ, J.